IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PAMELA TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-413-GPM |
| | ) | |
| THE GENERAL MOTORS CORPORATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

The Court has reviewed the allegations of federal subject matter jurisdiction asserted in the complaint filed on May 29, 2009 (Doc. 2). *See Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *see also Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) (noting that a federal court "has an independent duty to satisfy itself that it has subject-matter jurisdiction").

Plaintiff, Pamela Taylor, seeks to invoke the Court's diversity jurisdiction, which requires of course that the parties to a case be of diverse state citizenship, that is, no plaintiff may be a citizen of the same state as any defendant, and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 832-33 (S.D. Ill. 2006); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000). Unfortunately, Taylor has not properly alleged the citizenship of the

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PAMELA TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-413-GPM |
| | ) | |
| THE GENERAL MOTORS CORPORATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

The Court has reviewed the allegations of federal subject matter jurisdiction asserted in the complaint filed on May 29, 2009 (Doc. 2). *See Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *see also Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) (noting that a federal court "has an independent duty to satisfy itself that it has subject-matter jurisdiction").

Plaintiff, Pamela Taylor, seeks to invoke the Court's diversity jurisdiction, which requires of course that the parties to a case be of diverse state citizenship, that is, no plaintiff may be a citizen of the same state as any defendant, and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 832-33 (S.D. Ill. 2006); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000). Unfortunately, Taylor has not properly alleged the citizenship of the

defendant, General Motors Corporation.

For jurisdictional purposes, a corporation has two citizenship identities, "any State by which it has been incorporated," and "the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The complaint properly alleges that Defendant General Motors Corporation is a "Delaware corporation," but Taylor only alleges that General Motors Corporation is "doing business" in the state of Illinois. Where a company does business has no bearing on the issue of subject matter jurisdiction. The complaint must identify where General Motors Corporation maintains its principal place of business, that is, the "nerve center" where the corporation's executive headquarters and "directing intelligence" is located. *See* 28 U.S.C. § 1332(c)(1); *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991); *Jackson v. American Coal Co.*, No. Civ.05-4166-JLF, 2006 WL 181682, at *1 (S.D. Ill. Jan. 23, 2006); *Elmhurst Consulting, LLC v. Gibson*, 219 F.R.D. 125, 126-27 (N.D. Ill. 2003) (quoting *Wisconsin Knife Works*, 781 F.2d at 1282-83).

Finally, to invoke the Court's jurisdiction, Taylor must allege that "the matter in controversy exceeds the sum or value of $75,000, *exclusive of interest and costs*." 28 U.S.C. § 1332(a) (emphasis added). While it does not appear to "a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal," *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)), Taylor should amend this allegation in her amended complaint.

"[S]ubject matter jurisdiction must be a matter of certainty and not of probabilities," *Murphy v. Schering Corporation*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995), and, at this time, the Court is not satisfied that jurisdiction exists. *See Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 447 (7th Cir.

2000) (noting that federal courts are obligated to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction). "[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 199). Accordingly, pursuant to 28 U.S.C. § 1653, Taylor shall file, on or before **June 24, 2009**, an amended complaint that properly invokes this Court's subject matter jurisdiction. Failure to do so will result in the dismissal of this action for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: 06/03/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge